Richmond

ROBERT LEE STEED

v.

COMMONWEALTH OF VIRGINIA

No. 1644-88-2

Decided October 16, 1990

176

COUNSEL

Robert C. Burkholder, Jr. (Robert C. Burkholder, Jr. and Associates, on briefs), for appellant.

Richard A. Conway, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Robert Lee Steed appeals the trial court's order adjudicating him an habitual offender. The sole issue on appeal is whether the trial court had jurisdiction over Steed, who was served in accordance with the statutory requirements of former Code § 46.1-387.5, where the trial court was advised that the statutory notice given him of the proceedings was returned undelivered. We find that the trial court did have jurisdiction over Steed because service was effectuated in accordance with the applicable statute. Accordingly, we affirm its decision.

The facts of this case are not in dispute. On December 5, 1978, the Richmond Commonwealth Attorney's office filed an information in the trial court, along with eight transcripts and abstracts of conviction, requesting that a show cause order be issued against Robert Steed, a non-resident, pursuant to the Virginia Habitual Offender Act. A show cause order was issued on December 6, 1978, returnable to January 11, 1979. The pertinent portion of that order reads as follows:

It is further ordered, that a copy of this order and transcript of said conviction record above mentioned be served on the said Robert Lee Steed, 4559 Price Creek Road, Huntington, West Virginia. c/o Commissioner, Division of Motor Vehicles, 2220 West Broad Street, Richmond, Virginia 23220 by the Sheriff of the City of Richmond.

The Division of Motor Vehicles (DMV) completed an affidavit of compliance on December 19, 1978. The affidavit acknowledged receipt of the show cause order by the DMV on December 11, 1978. In addition, the affidavit stated that process was forwarded to Steed at the Price Creek Road address by certified mail on

December 19, 1978. On January 4, 1979, DMV notified the Commonwealth Attorney's office that the process mailed to Steed was returned undelivered by the postal service. This letter was filed with the trial court on January 8, 1979. A hearing was held on January 11, 1979, pursuant to the show cause order. Steed did not appear at this proceeding. The trial court entered an order the same day which declared Steed to be an habitual offender and ordered him not to operate a motor vehicle on the highways of the Commonwealth for a period of ten years.

Steed was arrested in Henrico County on July 29, 1988 for driving after having been adjudicated an habitual offender, in violation of Code § 46.1-387.8. He later filed a motion to have the January 1979 judgment set aside on the ground that he had not been served with notice of those proceedings. At the hearing on his motion, Steed testified that he had rented property at 4559 Price Creek Road for a period of two months commencing in December 1977. He further testified that he had been arrested in October 1977 for driving on a suspended license. At that time, he did not have a valid Virginia operator's license. However, the Price Creek Road dwelling was listed as his address on the registration card of the vehicle. Steed testified that he was not living at that address in October, 1977 and did not recall having given it to the police officer when he was arrested on the suspended license charge. Several months after that arrest, Steed moved to Texas. He did not return to Virginia until 1984.

After hearing this testimony, the trial court denied Steed's motion to set aside the judgment. It found that the latest record possessed by DMV listed Steed's address as 4559 Price Creek Road, Huntington, West Virginia. The trial court determined that this record constituted prima facie proof of Steed's non-residency, and therefore, the service of process was valid so long as it was effected in accordance with the statute. The court then determined that the Commonwealth had complied with the service provisions of former Code § 46.1-387.5[1] and that the habitual offender adjudication order was therefore valid. It is from this order that Steed

---

[1]  Former Code § 46.1-387.5 provided in pertinent part:

A copy of the show cause order and such transcript or abstract shall be served on the person named therein in the manner prescribed by law for the service of notices. . . . Service thereof on any nonresident of the State may be made by the Commissioner of the Division of Motor Vehicles in the same manner as in any action or proceeding arising out

appeals.

On appeal, Steed argues that former Code § 46.1-387.5 created only a presumption of valid service. Although he concedes that service was effected in accordance with this statute, he argues that the return of the process to DMV with the notation "undelivered" was sufficient to rebut the statutory presumption of valid service. In response, the Commonwealth argues that Code § 46.1-387.5 did not mandate that a non-resident defendant receive actual notice before the trial court obtained jurisdiction over him. Rather, the Commonwealth contends that the trial court attained *in personam* jurisdiction once process was served in accordance with the statute, as long as there was strict compliance with the statutory requirements. The Commonwealth maintains that since Steed does not dispute that process was served in accordance with the requirements of former Code § 46.1-387.5 and former Code § 8-67.2, the January 11, 1979 order was valid despite the evidence that Steed did not actually receive notice of the proceeding. We agree.

■ In order for a court to obtain jurisdiction over the person of a defendant, process must be served in the manner provided by statute. *Broyhill v. Dawson*, 168 Va. 321, 326, 191 S.E. 779, 782 (1937). In the case before us, the abstracts of conviction filed with the trial court in conjunction with the December 5, 1978 information against Steed showed that Steed's last known post office address was 4559 Price Creek Road, Huntington, West Virginia. This address was listed on the abstract of conviction for an Octo-

---

of a collision on the highways of this State in the manner provided in Code §§ 8-67.1 and 67.2, which are hereby made applicable mutatis mutandi to these proceedings. . . .

Former Code § 8-67.2 provided:

Service of such process or notice shall be made by leaving a copy of the process or notice . . . in the hands of the Commissioner of Motor Vehicles or in his office . . . and such service shall be sufficient upon the nonresident, provided that notice of such service and a copy of the process or notice are forthwith sent by registered mail, with registered delivery receipt requested, by the Commissioner of Motor Vehicles to the defendant or defendants and an affidavit of compliance herewith by the Commissioner, or someone designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action.

The mailing required by this section shall be to the last known post office of the defendant or defendants but if there is left with the Commissioner, along with the notice of process an affidavit of the plaintiff that he does not know and is unable to ascertain any post-office address of the defendant or defendants, service of the notice or process shall be valid without the mailing otherwise required by this section.

ber 1977 arrest for driving on a suspended license. Prior abstracts listed Steed's address as Ashland, Virginia. In addition, according to Steed's own testimony, after serving six months in jail on the October 1977 suspended license conviction, he moved to Texas and did not return to Virginia until 1984. Thus, the evidence is uncontroverted that Steed was a non-resident both at the time process was served at the Price Creek Road address in December 1978 and at the time of the court proceeding on January 11, 1979. The evidence also is uncontroverted that the process was served in the manner required by former Code § 46.1-387.5.

The issue, therefore, is whether former Code § 46.1-387.5 created only a presumption of valid service which could be rebutted by evidence that process was actually not received by the defendant. We reject the contention that former Code § 46.1-387.5 created only a rebuttable presumption of valid service of process.

Under former Code § 46.1-387.5, service of process was achieved when process was delivered to the Commissioner of the Division of Motor Vehicles and a copy of that process was sent to the last known address of the defendant by certified mail supported by an affidavit to that effect filed with the court. We find nothing in that section which indicates that compliance with the statute merely constitutes prima facie evidence that valid service of process has been made, subject to rebuttal by evidence of actual non-delivery. Rather, the statute expressly states that compliance is sufficient to constitute valid service of process on a non-resident. *See Slaughter v. Commonwealth*, 222 Va. 787, 790, 284 S.E.2d 824, 825 (1981).

We also find the case before us distinguishable from *Bibb v. Commonwealth*, 212 Va. 249, 183 S.E.2d 732 (1971). In that case, the Supreme Court held that the Commonwealth could not rely on the presumption afforded by former Code § 46.1-441.2 to sustain Bibb's conviction for driving on a suspended license when the Commonwealth's evidence showed that Bibb did not receive notice that his license had been suspended. *Id.* at 250, 183 S.E.2d at 733. However, the language of former Code § 46.1-441.2, unlike that of former Code § 46.1-387.5, expressly indicated that notice given in accordance with the statute was merely prima facie evidence, and therefore was subject to rebuttal.[2]

---

[2] Former Code § 46.1-441.2 provides in pertinent part:

We therefore hold that since Steed was a non-resident, the trial court obtained jurisdiction over him once the affidavit of compliance was filed by the Commissioner of the Division of Motor Vehicles, and the fact that he did not actually receive notice of the January 11, 1979 proceeding did not affect the validity of that proceeding. Accordingly, we conclude that the January 11, 1979 order declaring Steed to be an habitual offender is valid.

For the reasons stated, we affirm the decision of the trial court.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.

---

Whenever it is provided in this title that an operator's or chauffeur's license may or shall be suspended or revoked by the Commissioner of the Division of Motor Vehicles, notice of such suspension or revocation . . . may be sent by the division by certified mail to the last known address supplied by such operator or chaufferur and on file at the Division, and the certificate of the Commissioner . . . that such notice or copy has been so sent shall be deemed prima facie evidence that such notice or copy has been sent and delivered to such operator or chauffeur. . . .