Present:  All the Justices

COMMONWEALTH OF VIRGINIA

v.  Record No. 060607       OPINION BY JUSTICE DONALD W. LEMONS
                                    March 2, 2007
GEORGE M. EPPS

                FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether a judge is a "victim"

of contempt of court as contemplated by Code § 19.2-271.

                I.   Facts and Proceedings Below

     This controversy arises over security at the Circuit

Court for the City of Petersburg (the "courthouse").  Judge

Pamela S. Baskervill and Judge James F. D'Alton, Jr. met with

the Sheriff of the City of Petersburg, George M. Epps

("Sheriff Epps"), to discuss certain concerns regarding, among

other things, court security.  Thereafter, the court entered

an order detailing the steps Sheriff Epps had agreed to take

to remedy the court's concerns.  Relevant to this appeal, the

order contained a provision that stated:  "The main court

building, which has a public law library and conducts the

court's business, shall have a deputy at the front entrance at

all times during business hours of 8:00 a.m. and 4:30 p.m.

Monday through Friday."  Fourteen months later in a letter to

the clerks of the several courts for the City of Petersburg,

Sheriff Epps wrote that due to lack of funding, he would no

longer be able to "have deputies remain with the court

building once court [had] concluded."  Sheriff Epps also wrote a letter to Judge D'Alton stating that "the reduction in the Sheriff's Office budget for FY04 will require some personnel changes which are directly related to maintaining the present state of readiness for our courts."

Shortly thereafter, Sheriff Epps ordered the deputy at the front desk to leave the courthouse once the court was no longer in session.  The court administrator later informed Judge Baskervill that the deputy had left the courthouse. Judge Baskervill had a sign posted on the courthouse door stating that the courthouse was temporarily closed due to lack of security.  The sign provided a number to call to gain entry to the courthouse.  Upon learning of this sign, Sheriff Epps removed it from the door.  Judge Baskervill then directed that another sign be posted on the courthouse door along with a court order stating:

> It appearing to the Court that the Sheriff of the City of Petersburg has ceased to provide security for the Courthouse when Court is not in session, it is ORDERED that in such times when security is not provided, the Courthouse shall be locked.  Entrance shall be had only by calling 733-2423.  The Clerk of this Court is directed to post a copy of this Order on the front door of each Courthouse.

Sheriff Epps removed both the second sign and the order from the courthouse door.

Based on information she had received, Judge Baskervill went to the sheriff's office to speak with Sheriff Epps. She directed Sheriff Epps to give her the papers that had been posted on the courthouse door. Sheriff Epps' response was that Judge Baskervill had no right to post papers on the courthouse door because he was in charge of courthouse security. Judge Baskervill again demanded that Sheriff Epps return the papers to her. Sheriff Epps refused because he "want[ed] to read them." After reading the papers, Sheriff Epps stated that the order was inaccurate and that Judge Baskervill had no right to post it. Sheriff Epps then returned the sign, but refused to return the court order. Judge Baskervill demanded that Sheriff Epps return the order, and he refused. Judge Baskervill then left the office.

Sheriff Epps later testified that he removed the order because he "found it to be erroneous." He also testified that based upon his 16 years with the police department and based upon his training, he considered both the signs to be inappropriate because it was "like sending an invitation to people that want to do harm to anyone that maybe [sic] inside the building."

Judge Baskervill subsequently signed an affidavit outlining the events that had transpired. Based upon the affidavit, Judge Robert G. O'Hara entered an order directing

Sheriff Epps to show cause why he should not be held in contempt of court pursuant to Code § 18.2-456. After the rule to show cause was served upon Sheriff Epps, the order that Sheriff Epps had taken off the courthouse door was returned to Judge Baskervill.

At trial, Sheriff Epps maintained that Judge Baskervill could not testify as a witness in the contempt proceedings. While acknowledging that, under Code § 19.2-271, a judge who is a victim of a crime may testify, Sheriff Epps maintained that, if a contempt took place, it was the court as an institution that was a "victim" of contempt not the judge personally. Judge Baskervill was permitted to testify over Sheriff Epps' objection. At the conclusion of trial, the court found Sheriff Epps guilty of criminal contempt for: "the July 2, 2003 removal of Court Order and sign from the Courthouse door," "the July 1, 2003 leaving the Petersburg Courthouses without security and without notice to the Court," and "the July 2, 2003 removal of Court Order from the Courthouse door and subsequent refusal to return said Order." Additionally, the court found Sheriff Epps guilty of civil contempt "for violation of the Court Order of April 16, 2002 by not having security at the doors of the Courthouses on July 1, 2003 and July 2, 2003."

4

Sheriff Epps appealed his conviction to the Court of Appeals. Both a panel of the Court of Appeals and the full court upon rehearing en banc held that the trial court erred in permitting Judge Baskervill to testify because she was "not a victim of a crime committed by Sheriff Epps" as required under Code § 19.2-271. Epps v. Commonwealth, 47 Va. App. 687, 708, 626 S.E.2d 912, 922 (2006) (en banc); Epps v. Commonwealth, 46 Va. App. 161, 181, 616 S.E.2d 67, 77 (2005). We granted the Commonwealth an appeal from the judgment of the Court of Appeals upon one assignment of error: "The Court of Appeals erred in holding that Judge Baskervill was not a victim of Epps' contempt, and thus was incompetent to testify at his trial for contempt."

## II. Analysis

Code § 19.2-271 states in relevant part that: "No judge shall be competent to testify in any criminal or civil proceeding as to any matter which came before him in the course of his official duties." However, Code § 19.2-271 provides an exception which states that: "Notwithstanding any other provision of this section, any judge . . . who is the victim of a crime, shall not be incompetent solely because of his office to testify in any criminal or civil proceeding arising out of the crime." The Commonwealth only assigns

error to the "holding that Judge Baskervill was not a victim of Epps' contempt, and thus was incompetent to testify."

The Court of Appeals did not err in holding that Judge Baskervill was not a "victim" under Code § 19.2-271. Epps v. Commonwealth, 47 Va. App. 687, 708, 626 S.E.2d 912, 922 (2006). The General Assembly did not provide a specific definition of "victim" under Code § 19.2-271 nor has this Court previously articulated such a definition under this statute. Black's Law Dictionary, 1598 (8th ed. 2004), defines "victim" as "[a] person harmed by a crime, tort, or other wrong." Judge Baskervill, individually, did not suffer any harm as a result of Sheriff Epps' actions. Any harm in this case was suffered by the court as an institution, not by Judge Baskervill personally. It is well-established that the court as an institution bears the harm of contemptuous behavior. Potts v. Commonwealth, 184 Va. 855, 859, 36 S.E.2d 529, 530 (1946) ("It is elementary that any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice is contempt.") (emphasis added).

The Commonwealth did not assign error to the trial court's ruling that this matter "came before" Judge Baskervill "in the course of [her] official duties," Code § 19.2-271. We note that the dissenting opinion in the Court of Appeals argues that by "using the language 'came before,' . . . the

6

legislature manifested its clear intent that the judge must have considered the 'matter' in his or her judicial capacity." Epps, 47 Va. App. at 721, 626 S.E.2d at 928 (Humphreys and Felton, JJ., dissenting). The dissenting opinion further maintains:

> Although the statute does not indicate that the judge must have formally presided over the matter during a trial or hearing, I believe the language "came before," when narrowly construed, indicates that the matter must have been presented to the judge in a manner involving some form of a deliberative process. Said differently, the matter must have "come before" the judge when she was in a position to actually pass judgment on that particular issue.

Id. at 722, 626 S.E.2d at 928. Because the Commonwealth did not assign error to the Court of Appeals' holding that "all of the relevant matter about which Judge Baskervill testified did, in fact, '[come] before [Judge Baskervill] in the course of [her] official duties' as contemplated by Code § 19.2-271." Epps, 47 Va. App. at 705, 626 S.E.2d at 920, we will not reach this issue on appeal.

### III. Conclusion

Because Judge Baskervill was not a "victim" pursuant to Code § 19.2-271 and that question is the only issue before this Court, the judgment of the Court of Appeals will be affirmed.

Affirmed.