COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


WILLIAM GEROID REID

MEMORANDUM OPINION[*] BY
v.      Record No. 2162-08-1                    CHIEF JUDGE WALTER S. FELTON, JR.
                                                JULY 14, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

(Sherman C. Smith, Assistant Public Defender; Office of the Public
Defender, on brief), for appellant.  Appellant submitting on brief.

Joshua M. Didlake, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Following a jury trial, William Reid ("appellant") was convicted of driving under the

influence of alcohol (DUI) in violation of Code § 18.2-266, and reckless driving in violation of

Code § 46.2-862.[1]  On appeal, appellant contends the trial court erred in admitting testimony that

he "was offered a preliminary breath test, and, following his arrest, a breath test."

As the parties are familiar with the record below, we cite only those facts necessary to the

disposition of the appeal.

I.

The facts are not in dispute.[2]  On December 15, 2007, Officer M.E. Scott of the Newport

News Police Department observed appellant drive past his marked police vehicle at a high rate of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's reckless driving conviction is not before us on appeal.

[2] The record contains a statement of facts from appellant's trial, certified by the trial court
pursuant to Rule 5A:8.

speed. Officer Scott activated his front radar and clocked appellant's speed, in three different speed zones over a distance of approximately one and one-half miles, at 58 miles per hour in a 45 miles-per-hour zone, 68 miles per hour in a 35 miles-per-hour construction zone, and at 77 miles per hour in a 45 miles-per-hour zone. As appellant continued to accelerate the speed of his vehicle, he was changing lanes to pass slower-moving traffic.

When Officer Scott stopped appellant for speeding, he noticed "an odor of alcohol about [appellant's] breath and that [he] had red and glassy eyes and slurred speech." Appellant told Scott that he "had a high school education, was not taking any medications and suffered from no medical or physical disabilities . . . . " Appellant agreed to participate in field sobriety tests.

Appellant completed one of the tests, but failed others. He refused to perform the "one legged stand" and "walk and turn" tests, stating he could not perform the tests "because his legs were shaking." Based on his observation of appellant's driving, his physical appearance, his inability to perform some of the field sobriety tests, and his refusal to take others, Officer Scott arrested appellant for reckless driving and DUI.

At trial, appellant entered pleas of not guilty to DUI and reckless driving, and demanded a trial by jury. The Commonwealth asked the trial court in a motion *in limine* to rule "whether testimony that [appellant] had been offered a breath test was admissible." Appellant objected to the proffered testimony, arguing it was inadmissible pursuant to Code § 18.2-268.10. "The trial court ruled the evidence that a test was offered would be permitted, but directed the granting of a limiting instruction" as to the use of that evidence.

Officer Scott testified concerning the circumstances of appellant's arrest, and stated "that [he] was offered a preliminary breath test, and, following his arrest, a breath test." Appellant presented no evidence.

Consistent with the trial court's pretrial ruling, the Commonwealth offered Instruction 6, which provided that the jury was "not to infer anything from the fact that a preliminary breath test and a breath or blood test were offered to the defendant." The record reflects that the trial court marked Instruction 6 as "Granted." However, Instruction 6 "was ultimately rejected by the defense," and "withdrawn."

The jury found appellant guilty of DUI and reckless driving. It fixed his punishment for the DUI conviction at a fine of $1,500, and his punishment for the reckless driving conviction at a fine of $1,000.

## II.

On appeal, appellant contends the trial court erred by admitting evidence that he was offered breath tests. The Commonwealth, citing Code § 18.2-267(C) and (E), and Code § 18.2-268.10, concedes that the trial court erred in admitting Officer Scott's testimony "that he offered [appellant] a preliminary breath test and a post-arrest breath test," but contends that any error in admitting that evidence was harmless. We agree.[3]

Trial court "error does not require reversal if we determine the error was harmless." Epps v. Commonwealth, 47 Va. App. 687, 708-09, 626 S.E.2d 912, 922 (2006) (en banc) (citing Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007). An error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached . . . ." Code § 8.01-678. "In a criminal case, it is implicit that, in order to determine whether there has been a fair trial on the merits and whether substantial justice has been reached, a reviewing court must decide whether the alleged error

---

[3] We note that we are not bound by a party's concession of law. See Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (en banc), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007).

- 3 -

substantially influenced the jury. If it did not, the error is harmless." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001).

Whether an accused drove a car while intoxicated may

> "be determined from all of the evidence of his condition at the time of the alleged offense." Brooks v. City of Newport News, 224 Va. 311, 315, 295 S.E.2d 801, 804 (1982). In considering the totality of the circumstances surrounding his condition, the Court may be guided by the statutory definition of intoxication. See id. at 316, 295 S.E.2d at 804. "'Intoxicated' means a condition in which a person has drunk enough alcoholic beverages to observably affect his manner, disposition, speech, muscular movement, general appearance or behavior." Code § 4.1-100.

Leake v. Commonwealth, 27 Va. App. 101, 109-10, 497 S.E.2d 522, 526 (1998).

We conclude from this record on appeal that the trial court's error in admitting evidence that appellant was offered breath tests was harmless, as there was overwhelming evidence he drove while intoxicated. The evidence at trial proved that appellant drove his car at a reckless speed and that, when stopped, he had "an odor of alcohol about [his] breath," "red and glassy eyes," and "slurred speech," and performed poorly on field sobriety tests.

From the totality of the evidence heard by the jury, excluding the officer's testimony that he offered breath tests to appellant, we conclude the trial court's error in admitting evidence that appellant was offered breath tests was harmless error. See Clay, 262 Va. at 261, 546 S.E.2d at 732. Accordingly we affirm appellant's DUI conviction.

Affirmed.