COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


MEHBOOB AHMED, M.D.

                                                              MEMORANDUM OPINION[*]
v.        Record No. 0430-09-4                                     PER CURIAM
                                                              SEPTEMBER 15, 2009
VIRGINIA BOARD OF MEDICINE



                  FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              Nolan B. Dawkins, Judge

                  (Mehboob Ahmed, M.D., *pro se*, on brief).

                  (William C. Mims, Attorney General; David E. Johnson, Deputy
                  Attorney General; Jane D. Hickey, Senior Assistant Attorney
                  General; Amy Marschean, Senior Assistant Attorney General;
                  Howard M. Casway, Senior Assistant Attorney General, on brief),
                  for appellee.


        Mehboob Ahmed, M.D., appeals from the circuit court's December 10, 2008 order

dismissing his appeal of the Virginia Board of Medicine's May 16, 2008 revocation of his

license to practice medicine.  The circuit court dismissed the appeal on procedural grounds,

determining that Ahmed's initial incomplete and unsigned petition was defective and that his

second petition filed two months later was time-barred.  On appeal, Ahmed presents no questions

for review or any specific challenge to the trial court's ruling.  Upon reviewing the record and

briefs, we conclude that this appeal is wholly without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

        Rule 5A:20(c) clearly requires appellants to provide in their opening briefs "[a] statement

of the questions presented with a clear and exact reference to the page(s) of the transcript, written

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

statement, record, or appendix, where each question presented was preserved in the trial court." Rule 5A:20(d), in turn, requires appellants to provide "[a] clear and concise statement of the facts that relate to the questions presented, with references to the pages of the transcript, written statement, record, or appendix."

The opening brief filed by Ahmed fails to comply with either Rule 5A:20(c) or Rule 5A:20(d). First, the opening brief does not provide any questions presented. Failure to do so violates Rule 5A:20(c) and is, by itself, grounds for summary affirmance. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief.").

To compound the problem, not only did the brief fail to comply with Rule 5A:20(c), but it also failed to include a statement of facts. Thus, Ahmed has violated the provisions of Rule 5A:20(d).

Furthermore, Rule 5A:20(e) mandates that the brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."

"'An appellant who asserts that a trial court's ruling was erroneous has an obligation to state clearly to the appellate court the grounds for that assertion.'" Jenkins v. Commonwealth, 244 Va. 445, 461, 423 S.E.2d 360, 370 (1992) (quoting Spencer v. Commonwealth, 240 Va. 78, 99, 393 S.E.2d 609, 622 (1990)). "Since this argument was not fully developed in the appellant's brief, we need not address this question." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Id. Rule 5A:20(e) bars us from addressing any issues unsupported by authority. Epps v. Commonwealth, 47 Va. App. 687, 718, 626 S.E.2d 912, 926 (2006) (*en banc*), aff'd, 273 Va. 410, 641 S.E.2d 77 (2007).

Here, Ahmed did not comply with Rule 5A:20(e); the brief does not contain any principles of law, argument, or citation to legal authorities or the record to fully develop any argument. Thus, we need not consider any argument Ahmed is presenting, <u>Theisman v. Theisman</u>, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, <u>aff'd on reh'g en banc</u>, 23 Va. App. 697, 479 S.E.2d 534 (1996).

In <u>Jay v. Commonwealth</u>, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court announced that when a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant, "the Court of Appeals may . . . treat a question presented as waived." In this case, we find Ahmed's failure to comply with Rules 5A:20(c), (d), and (e) is significant.

Accordingly, the issues are waived and the judgment of the trial court is summarily affirmed.

<u>Affirmed.</u>