COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, AtLee and Malveaux
Argued at Richmond, Virginia


BRIAN HERNANDEZ

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1100-23-2        JUDGE RICHARD Y. ATLEE, JR.
                                            AUGUST 13, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Herbert M. Hewitt, Judge

Samantha Offutt Thames, Senior Appellate Counsel (Virginia
Indigent Defense Commission, on briefs), for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Appellant Brian Hernandez argues that the Circuit Court of King George County erred by

finding him in contempt. Specifically, he argues that the circuit court judge erred by: (1) testifying

in the contempt proceeding in violation of Code § 19.2-271 and (2) finding the evidence sufficient

to support a finding of contempt. We agree with the first argument, and therefore, we reverse.

I. BACKGROUND

Hernandez was called before the circuit court, with Judge Hewitt presiding, for a

texting-while-driving charge (of which he was later acquitted). Hernandez was upset because in

a prior proceeding before Judge Hewitt, the circuit court had ordered Hernandez's dog to be

euthanized for being dangerous. When Hernandez appeared in court for a scheduling hearing on

the texting-while-driving charge, he called Judge Hewitt, the Commonwealth's Attorney, and

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

another courtroom officer "cowards" in open court. The circuit court did not hold Hernandez in contempt at this time, and it scheduled trial for the texting-while-driving charge for a later date. When presented with a notice of hearing form from the clerk of court, Hernandez wrote "fuck you" on the signature line. The circuit court was made aware of the language written on the form a "day or two" after the hearing, after which it initiated contempt proceedings. It issued a rule to show cause indicating the basis for contempt was "INSULT LANG TO JUDGE," with the scheduling form with the "fuck you" language attached as a supplemental document.

The circuit court held a hearing on the contempt charge. At the beginning of the hearing, counsel for Hernandez attempted to discern which of the two acts, the "coward" language or the signing of "fuck you" on the notice of hearing form, were the basis for the contempt charge. He noted that the show cause cited the summary contempt code section, but the procedural steps taken suggested an indirect contempt situation. The circuit court responded that "the contempt that [Hernandez is] being charged with occurred in the [c]ourt's presence. However, the second part of the contempt where he wrote an epithet on his signature line on the notice of appearance was not discovered until later." It concluded that "there are two prongs" to the contempt charge, and because the second act occurred outside of the court's presence, it chose to hold a hearing. It noted, however, that by "giving him a plenary hearing[,] I'm giving him something that I didn't have to give him" and "affording him all the—more protections than the law says that he has."

The Commonwealth moved the notice-of-hearing form into evidence. Hernandez objected, arguing that it was not relevant because it was not directed to the court nor published to the court. The circuit court overruled the objection. It then described the events that occurred when Hernandez called the court, the Commonwealth's Attorney, and the officer "cowards." Hernandez objected, arguing that the judge was incompetent to testify under Code § 19.2-271, which prohibits judges from testifying "in any criminal or civil proceeding as to any matter which

came before him in the course of his official duties." Judge Hewitt overruled these objections, stating: "Well, I was here[,] and I heard what Mr. Hernandez said, and I saw this document that was tendered by him. And so that's the case against him." The Commonwealth did not present any witness testimony or additional evidence, and Hernandez also did not testify or present any evidence in his defense.

After hearing argument on whether Hernandez's actions constituted contempt of court, the circuit court ultimately found Hernandez guilty, expressly limiting this ruling on his having called Judge Hewitt a "coward." It noted "that historically calling someone a coward w[as] known as fighting words[,] and a duel would usually occur upon that being said to someone else. . . . And that is more of an affront to the Court than him signing his signature line with 'fuck you.'" The judge also agreed with Hernandez's counsel, finding that the "fuck you" written on the signature line of the notice of hearing form was "not addressed to" him. After finding that the "coward" language was "an affront to the respect that is due to the Commonwealth of Virginia, to the people of Virginia, the sovereign state of the Commonwealth of Virginia," the judge ordered Hernandez to pay a $200 fine. Hernandez appeals.

## II. ANALYSIS

"Ordinarily, we review questions regarding admissibility of evidence for an abuse of discretion." *Brown v. Commonwealth*, 54 Va. App. 107, 112 (2009). "[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* (quoting *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006)). "However, 'when the trial court makes an error of law' in the admission of evidence, 'an abuse of discretion occurs.'" *Id.* (quoting *Bass v. Commonwealth*, 31 Va. App. 373, 382 (2000)). "Furthermore, such evidentiary issues presenting a 'question of law' are 'reviewed *de novo* by this Court.'" *Id.* at 112-13 (quoting *Abney v. Commonwealth*, 51 Va. App. 337, 345 (2008)).

A. *The circuit court judge's testimony in the plenary hearing violated Code § 19.2-271.*

We consider first whether the circuit court judge erred in testifying at the contempt proceeding. Under Code § 19.2-271, "[n]o judge shall be competent to testify in any criminal or civil proceeding as to any matter which came before him in the course of his official duties." "Code § 19.2-271 provides an exception," however, that "'[n]otwithstanding any other provision of this section, any judge . . . who is the victim of a crime, shall not be incompetent solely because of his office to testify in any criminal or civil proceeding arising out of the crime.'" *Commonwealth v. Epps*, 273 Va. 410, 414 (2007) (second alteration in original) (quoting Code § 19.2-271).

It is undisputed that Judge Hewitt testified at the contempt hearing. The circuit court could have handled the contempt issue over Hernandez calling the judge a coward in a direct contempt proceeding when the offense occurred.[1] *Gilman v. Commonwealth*, 275 Va. 222, 227-28 (2008) ("[N]o evidence or further proof is required [in a direct contempt proceeding] because the court has observed the offense."). But it instead elected to initiate a separate contempt proceeding after Hernandez's foul language on the scheduling form was brought to its attention "a day or two" after. The judge then chose, over Hernandez's objections, to testify in that hearing, despite being incompetent to do so under Code § 19.2-271.

---

[1] Acts of contempt can be either direct or indirect. *Parham v. Commonwealth*, 60 Va. App. 450, 456-57 (2012). Under existing Virginia law, "the substantial difference between a direct and [indirect] contempt is one of procedure." *Id.* at 457 (alteration in original) (quoting *Burdett v. Commonwealth*, 103 Va. 838, 845 (1904)). "Direct contempt usually arises 'in the face of the court' as by rude and contumelious behavior; by obstinacy, perverseness, or prevarication; by breach of the peace, or any willful disturbance whatever." *Id.* (quoting 4 William Blackstone, *Commentaries on the Laws of England* \*285 (1769)). "In such circumstances, 'immediate punishment is essential to prevent "demoralization of the court's authority" before the public,'" and no separate hearing is required, as the offense occurred before the court. *Id.* (quoting *In re Oliver*, 333 U.S. 257, 275 (1948)).

By contrast, in indirect contempt cases, "'matters that arise at a distance, and of which the court cannot have so perfect a knowledge,' courts must provide the full panoply of constitutional rights: notice of the charge, right to counsel, presumption of innocence, as well as the opportunity to present evidence and to cross-examine adverse witnesses." *Id.* at 458 (quoting Blackstone, *supra*, at \*286).

- 4 -

Further, the circuit court judge does not fall within the exception provided by Code § 19.2-271 as being "the victim of [the] crime," because he was not "[a] person harmed by a crime, tort, or other wrong." *Epps*, 273 Va. at 414 (alteration in original) (quoting *Victim*, *Black's Law Dictionary* (8th ed. 2004)). He suffered no harm, physically or otherwise, nor any other deleterious consequences. "It is well-established that the court as an institution bears the harm of contemptuous behavior." *Id.* "Judge [Hewitt], individually, did not suffer any harm as a result of [Hernandez's] actions. Any harm in this case was suffered by the court as an institution, not by Judge [Hewitt] personally." *Id.* He himself found that Hernandez's "coward" language was "an affront to the respect that is due to the Commonwealth of Virginia, to the people of Virginia, the sovereign state of the Commonwealth of Virginia," with no mention of any harm personal to him. Accordingly, the judge's testimony was given in violation of Code § 19.2-271. And because the circuit court based its finding of contempt entirely upon this improper testimony from Judge Hewitt, without any additional evidence to support it, the circuit court erred in finding the evidence was sufficient for the contempt conviction.

B. *The circuit court's factual findings preclude application of the "right result for the wrong reason" doctrine.*

"Under the right result for the wrong reason doctrine, 'it is the settled rule that how[ever] erroneous . . . may be the reasons of the court for its judgment upon the face of the judgment itself, if the judgment be right, it will not be disturbed on account of the reasons.'" *Peters v. Commonwealth*, 72 Va. App. 378, 388 (2020) (alterations in original) (quoting *Perry v. Commonwealth*, 280 Va. 572, 579 (2010)). "However, the right result for the wrong reason doctrine, which 'might more accurately be labelled "the right result for a different reason,"' has a limitation. 'It does not apply unless the record on appeal fully supports the appellee's argument on appeal.'" *Id.* at 388-89 (quoting *Spinner v. Commonwealth*, 297 Va. 384, 391 (2019)). "Thus, it

does not apply where the development of additional facts is necessary." *Id.* at 389 (quoting *Spinner*, 297 Va. at 391).

Here, as the rule to show cause indicated, the circuit court had the opportunity to base the contempt ruling upon Hernandez writing "fuck you" on the notice of hearing form, which was tendered to the court during the contempt hearing as an exhibit. Contempt of court includes "[v]ile, contemptuous, or insulting language addressed to or published of a judge for or in respect of any act or proceeding had, or to be had, in such court, or like language used in his presence and intended for his hearing for or in respect of such act or proceeding[.]" Code § 18.2-456(A)(3); *see also Carter v. Commonwealth*, 2 Va. App. 392, 396 (1986) ("Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute." (quoting 4A Michie's Jurisprudence, *Contempt* § 2 (repl. vol. 1983))).

The circuit court judge here, agreeing with defense counsel, held that the notice of hearing form was "not addressed to me. I didn't hand him the piece of paper," going on to explain that the form instead was exchanged between the clerk of court and Hernandez. That express factual finding that the form was not addressed to him[2] precludes a finding of contempt on those alternate

---

[2] The Commonwealth argues that the document and Hernandez's written statement could still fall within the ambit of being "published of a judge." Code § 18.2-456(A)(3). Yet the limited case law discussing this language concerns individuals who made public statements, which were also disseminated by newspapers, about a judge. *See Boorde v. Commonwealth*, 134 Va. 625, 629-31 (1922) (making a disparaging statement about a judge at a local meeting and in a newspaper); *Weston v. Commonwealth*, 195 Va. 175, 178-80 (1953) (delivering a sermon containing statements about a judge, with excerpts later being published in The Washington Post). *But see Scialdone v. Commonwealth*, 279 Va. 422, 446 (2010) (referring to offending language in a document offered into evidence by counsel, for which the court held in him contempt, as being "published *to the court*" (emphasis added)). In fact, as noted in *Boorde*, the General Assembly explicitly added the "published of" language to the statute in response to the holding in *Yoder v. Commonwealth*, 107 Va. 823, 831-32 (1907), where the Supreme Court reversed a contempt ruling for the defendant authoring and disseminating a publication containing negative statements about a judge. In light of this legislative history and case law, we decline to expand the definition of "published of a judge" to include the circumstances here.

grounds.[3]  This finding was not plainly wrong.  *See Bchara v. Bchara*, 38 Va. App. 302, 313 (2002) (noting that a trial court's factual finding will be upheld "unless plainly wrong or without evidence to support it'").  Further, we cannot say that the language Hernandez wrote on the form was "used in [the judge's] presence and intended for his hearing," Code § 18.2-456(A)(3), without "the development of additional facts," *Peters*, 72 Va. App. at 389.  Accordingly, we cannot find that the circuit court reached the "right result for the wrong reason."

## III.  CONCLUSION

For the foregoing reasons, we find the circuit court erred in permitting the presiding judge to testify at the contempt proceeding, and the court's own express factual findings preclude affirming under the rationale of the circuit court having reached the "right result for the wrong reason."  Therefore, we reverse the circuit court's judgment, and we vacate Hernandez's contempt conviction.

*Reversed, vacated, and final judgment.*

---

[3] Given the Commonwealth's limited right of appeal under Code § 19.2-398, it has not, and may not, assign error to this factual finding.