COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


CHARLES DEAN LAWSON
                                                  OPINION BY
v.    Record No. 0998-01-2        JUDGE JAMES W. BENTON, JR.
                                              APRIL 9, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    William R. Shelton, Judge

          Todd M. Ritter (Daniels & Morgan, on brief),
          for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Randolph A. Beales, Attorney
          General, on brief), for appellee.


     The trial judge convicted Charles Dean Lawson of the felony

of willfully failing to appear in the circuit court in violation

of Code § 19.2-128(B).  Lawson contends the statute does not

apply to his failure to appear for a "show cause" hearing

concerning a probation violation.  We agree and reverse the

conviction.

                              I.

     A grand jury indicted Lawson for "feloniously fail[ing] to

appear before the circuit court . . . , as required after

notice, on a felony charge," in violation of Code § 19.2-128.

At trial, the prosecutor informed the judge that on December 16,

1999, Lawson "came to court, but then left before his case was

called that day." The prosecutor also informed the judge that Lawson's attorney contests whether Code § 19.2-120 "covers this particular type of event." The prosecutor presented as his only evidence a bond signed by Lawson as a condition of his bail. The prosecutor asserted that Lawson had been admitted to bail pursuant to Code § 19.2-120 and argued that Code § 19.2-128 should be interpreted to include persons granted bail under the provisions of Code § 19.2-120.

Lawson's attorney responded "that there is no contest on the facts that [Lawson] had in fact appeared on that day and then left before his case was called." Lawson's attorney argued that Lawson's failure to appear was not punishable under the statute, but, rather, "may be punishable under the contempt power of the Court." He asserted that Lawson's "court date was for a show cause hearing" concerning a prior felony conviction and that "you have to draw a distinction between [Lawson] and someone who would come in having been charged with a felony offense for which they are awaiting trial." He argued that Lawson's case did not fit within either category of persons described in Code § 19.2-128(B).

The trial judge ruled that "when a person has been served with a show cause notice on a felony conviction, . . . [and] fails to appear, it's a violation of the statute." He then convicted Lawson of violating Code § 19.2-128(B). This appeal followed.

II.

Code § 19.2-128(B) provides as follows:

> Any person (i) charged with a felony offense
> or (ii) convicted of a felony offense and
> execution of sentence is suspended pursuant
> to § 19.2-319 who willfully fails to appear
> before any court as required shall be guilty
> of a Class 6 felony.

Lawson contends that his conduct does not fall within the statute's proscription. The Commonwealth does not contend that subpart (ii) is implicated by the circumstances of this case. Rather, it contends that Lawson's "conduct violated [subpart] (i) of the statute." Thus, the Commonwealth argues that, because the circuit court retained continuing jurisdiction over Lawson's case to address matters involving revocation of probation and suspended sentences, Lawson's underlying charge was not a final "conviction" and that Lawson was still "charged" for purposes of the statute.

In reviewing this statute, we are guided by familiar principles. "'It is the duty of the courts to give effect, if possible, to every word of the written law.'" Burnette v. Commonwealth, 194 Va. 785, 788, 75 S.E.2d 482, 484-85 (1953) (citation omitted).

> Our duty is "to construe the law as it is
> written." We assume that "the legislature
> chose, with care, the words it used when it
> enacted the relevant statute, and we are
> bound by those words . . . ." "To depart
> from the meaning expressed by the words is
> to alter the statute, to legislate and not
> to interpret."
>
> *   *   *   *   *   *   *
>
> "When the General Assembly uses two

> different terms in the same act, it is
> presumed to mean two different things."

Greenberg v. Commonwealth, 255 Va. 594, 600-01, 499 S.E.2d 266, 269-70 (1998) (citations omitted).  We, therefore, conclude that when the General Assembly used "charged" in subpart (i) of Code § 19.2-128 and "convicted" in subpart (ii), the General Assembly intended two different meanings.  In addition, we construe the words in the statute "according to their ordinary meaning." Patterson v. CSX Transportation, 245 Va. 483, 487-88, 429 S.E.2d 215, 218 (1993).

The evidence did not prove that, when Lawson failed to appear in court on December 16, 1999, his status was "charged with a felony."  The record indicates that Lawson failed to appear at a "show cause" hearing.  The parties further agreed that the hearing was a "revocation proceeding" for an underlying felony offense.  No evidence establishes, however, that Lawson was "charged with a felony offense," as contemplated by Code § 19.2-128(B)(i).  Indeed, the Commonwealth represents that "a final sentencing order had been entered prior to his failure to appear."

Although the Commonwealth argues that the General Assembly intended a broad construction of the statute, we must be guided by the principles "that penal statutes must be 'strictly construed against the State' and that such statutes 'cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit.'" Commonwealth v. Athey, 261 Va. 385, 388, 542 S.E.2d 764, 766 (2001).  "[B]efore the accused can be punished, 'his case must be

plainly and unmistakably within the statute.'"  Waldrop v. Commonwealth, 255 Va. 210, 215, 495 S.E.2d 822, 825 (1998).

Accepting that the proceeding Lawson failed to attend was for the purpose of considering whether a "revocation" of Lawson's probation or suspended sentence was warranted, we decline to hold, as suggested by the Commonwealth, that the word "charged," which is found in Code § 19.2-128(B)(i), should be read to mean charged or convicted and that the circuit court's limited jurisdiction over the revocation proceedings established that Lawson's conviction was not final.  Although an alleged violation of the conditions of either probation or a suspended sentence is a serious matter, such an allegation does not render a person "charged with a felony offense."  Proof of Lawson's failure to appear at a hearing to show cause whether his probation or a suspended sentence should be revoked does not plainly fall within the proscription of Code § 19.2-128(B).

We hold, therefore, that the evidence in the record did not prove that when Lawson failed to appear in the circuit court on December 19, 1999, he was "charged with a felony offense," as required for a conviction under Code § 19.2-128(B).

Accordingly, we reverse the conviction and dismiss the indictment.

                    <u>Reversed and dismissed</u>.