COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Decker and Russell
Argued at Arlington, Virginia

PUBLISHED

ALISHA RENEE MERRITT

v.        Record No. 1804-17-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE WESLEY G. RUSSELL, JR.
NOVEMBER 13, 2018

FROM THE CIRCUIT COURT OF PAGE COUNTY
Clarke A. Ritchie, Judge

Richard G. Morgan for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Alisha Renee Merritt was convicted of failure to appear in violation of Code § 19.2-128.

As she did in the trial court, she argues on appeal that the evidence was insufficient to support

her conviction.  Specifically, she argues that the evidence did not establish that she had notice of

her need to appear, and therefore, the evidence did not establish that her failure to appear was

willful as required by the statute.  We conclude that, for reasons not argued by Merritt, no

violation of Code § 19.2-128 occurred.  Finding that the ends of justice exception of Rule 5A:18

applies to these circumstances, we reverse the judgment of the trial court and enter final

judgment for Merritt regarding her alleged failure to appear in violation of Code § 19.2-128.

BACKGROUND

In February 2009, Merritt was convicted of one count of misdemeanor fraudulent

conversion.  Part of her sentence for that offense was suspended, conditioned on her payment of

restitution, fines, and costs.  Merritt was placed on a payment plan.  She made periodic payments

over time; however, she made no payments between July 2016 and August 2017.

In April of 2017, as a result of the failure of Merritt to make periodic payments as required, the Commonwealth initiated a revocation proceeding. The trial court issued a show cause on April 12, 2017, with a return date set for April 19, 2017.

When Merritt did not appear on April 19, 2017, the trial court noted that there was no return of service indicating that Merritt had been served with the show cause. The trial court then reset the hearing for May 31, 2017.

Merritt did not appear at the May 31, 2017 hearing. At that time, the trial court noted that the return of service indicated that she had been served with the show cause by posting. Finding that constituted sufficient service, the trial court issued a capias for her arrest, and Merritt subsequently was arrested.

The trial court held a hearing on July 24, 2017 regarding both the revocation proceeding related to the failure to pay restitution, fines, and costs and the failure to appear at the May 31, 2017 hearing. Merritt indicated that she had moved, and thus, had never received notice of the May 31, 2017 hearing. She also requested that the trial court appoint her counsel. Finding it appropriate to do so, the trial court appointed counsel for Merritt and the matter was continued.

Ultimately, the matter was heard on September 13, 2017 "for a full hearing on allegations of failure to pay restitution and for a failure to appear." With respect to the failure to appear, defense counsel asked Merritt, "Can you tell us where you were on May 31st?" Merritt responded, "Taking care of my kids and family. . . . I lost all my calendar dates and I didn't have any dates. I had no notice of this [c]ourt date at all. I did not receive any notice of this [c]ourt date."

Merritt argued that the trial court should accept her testimony that she never received notice of the May 31, 2017 hearing, and therefore, could not be guilty of willfully failing to appear as is required to sustain a conviction under Code § 19.2-128. At no point in the trial court did Merritt

argue that a revocation proceeding could not serve as the predicate for a prosecution under Code § 19.2-128.

The trial court implicitly rejected Merritt's testimony regarding notice. As a result, the trial court found her guilty of failure to appear in violation of Code § 19.2-128(C).[1]

Merritt filed a petition for appeal with this Court. She did not challenge the applicability of Code § 19.2-128 to revocation proceedings; rather, she again argued that there was insufficient evidence to show she had notice of the May 31, 2017 hearing, and therefore, the evidence did not establish that her failure to appear was willful.

On June 5, 2018, a judge of this Court granted Merritt's petition for appeal. The order granting the petition ordered both Merritt and the Commonwealth "to brief the issue of the impact of the decision of this Court in Lawson v. Commonwealth, 38 Va. App. 93, 561 S.E.2d 775 (2002), . . ." on the case.

On July 16, 2018, Merritt filed her opening brief in this Court. Contrary to this Court's order, she did not address, reference, or even cite to this Court's opinion in Lawson. Rather, she simply restated the argument from her petition that the evidence was insufficient to establish that she had notice of the May 31, 2017 hearing.

On August 10, 2018, the Commonwealth filed the brief of the appellee in this Court. Consistent with this Court's order, the Commonwealth addressed Lawson. Specifically, the Commonwealth noted that

> [i]n granting the appeal, this Court directed the parties to brief the
> impact of its decision in Lawson v. Commonwealth, 38 Va. App.
> 93, 561 S.E.2d 775 (2002). Based on Lawson, Merritt's conduct of
> failing to appear for a revocation proceeding does not fall within

---

[1] Regarding Merritt's failure to make the required payments, the trial court revoked her suspended sentence and then resuspended all but ten days of that sentence, conditioned on Merritt complying with a new payment plan regarding outstanding restitution, fines, and costs. That portion of the trial court's ruling is not the subject of this appeal.

the statute under which she was convicted. Therefore, the Commonwealth submits that her conviction should be reversed.

In addition to addressing our decision in <u>Lawson</u>, the Commonwealth's brief also addressed Rule 5A:18. Specifically, the Commonwealth noted that, although Merritt had never argued that a revocation proceeding could not serve as the predicate for a prosecution under Code § 19.2-128, this Court could reach the argument pursuant to the ends of justice exception contained in Rule 5A:18.

Despite having the opportunity to do so, <u>see</u> Rule 5A:22, Merritt did not file a reply brief or otherwise respond to the Commonwealth's brief.

ANALYSIS

Our resolution of this appeal turns on our interpretation of both Code § 19.2-128 and Rule 5A:18. As such, it presents questions of law that "we review *de novo*." <u>Minor v. Commonwealth</u>, 66 Va. App. 728, 738, 791 S.E.2d 757, 762 (2016) (citing <u>LaCava v. Commonwealth</u>, 283 Va. 465, 470-71, 722 S.E.2d 838, 840 (2012)).

I. Code § 19.2-128 does not apply to revocation proceedings

Code § 19.2-128 criminalizes a willful failure to appear for certain court proceedings in specified circumstances. Code § 19.2-128(C) provides that "Any person (i) *charged* with a misdemeanor offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 1 misdemeanor." (Emphasis added). The statute, however, does not provide a penalty for a failure to appear for a revocation proceeding regarding an alleged failure to comply with the terms of a previously suspended sentence.[2]

---

[2] Code § 19.2-128(B) and 19.2-128(C) also criminalize a willful failure to appear when required after a court, pursuant to Code § 19.2-319, has suspended execution of a sentence while the underlying conviction is on appeal. The suspension of Merritt's original sentence was not pursuant to Code § 19.2-319, and therefore, those provisions of Code § 19.2-128 do not apply to this circumstance.

We addressed the effect of the lack of such language in <u>Lawson</u>. Despite our recognition that "an alleged violation of the conditions of either probation or a suspended sentence is a serious matter," we held that "Lawson's failure to appear at a hearing to show cause whether his probation or a suspended sentence should be revoked does not plainly fall within the proscription of Code § 19.2-128[.]" <u>Lawson</u>, 38 Va. App. at 97, 561 S.E.2d at 777. Specifically, we held that the phrase "'charged with a felony'" as used in Code § 19.2-128(B) did not encompass a person who previously had been convicted and sentenced for a felony because he no longer was charged, but rather, was convicted. <u>Id.</u> at 96, 561 S.E.2d at 777.[3] As a result, we concluded that Lawson had not violated Code § 19.2-128.

Applying the reasoning of <u>Lawson</u> to the instant case leads to the conclusion that Merritt did not violate Code § 19.2-128.[4] Even accepting that she received notice and that her failure to appear at the May 31, 2017 revocation procedure was willful, she did not violate the statute

---

[3] Because Lawson's underlying conviction was a felony, his failure to appear conviction was rendered pursuant to Code § 19.2-128(B). Accordingly, our decision in <u>Lawson</u> interpreted subsection (B). Here, Merritt's underlying conviction was a misdemeanor, and therefore, her failure to appear conviction was rendered pursuant to Code § 19.2-128(C). Other than specifying different penalties depending on whether the underlying offense was a felony or a misdemeanor, subsections (B) and (C) of Code § 19.2-128 are identical. Accordingly, our interpretation of the statutory language in <u>Lawson</u> applies with equal force here.

[4] As noted above, the Commonwealth, with credible candor, conceded that, under our decision in <u>Lawson</u>, Merritt's proven conduct did not violate Code § 19.2-128. Although we appreciate the concession, we note that whether particular conduct falls within the ambit of a statute presents a question of law, <u>Smith v. Commonwealth</u>, 282 Va. 449, 453-54, 718 S.E.2d 452, 454 (2011), and that "we are not bound by concessions of law by the parties," <u>Epps v. Commonwealth</u>, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (<i>en banc</i>), <u>aff'd on other grounds</u>, 273 Va. 410, 641 S.E.2d 77 (2007).

because the statute does not apply to revocation proceedings. Thus, it was error to convict her of failure to appear in violation of Code § 19.2-128.[5]

## II. Rule 5A:18 and the ends of justice exception

Our conclusion that the trial court erred in finding that Merritt violated Code § 19.2-128 does not end the analysis. As noted above, Merritt did not argue in the trial court that Code § 19.2-128 did not apply to revocation proceedings. Ordinarily, such a failure would bar our consideration of the issue pursuant to Rule 5A:18.

Rule 5A:18, often referred to as the contemporaneous objection rule, provides in part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." "The purpose of Rule 5A:18 is 'to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Fountain v. Commonwealth, 64 Va. App. 51, 56, 764 S.E.2d 293, 295 (2014) (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*)). Here, the trial court was denied such an opportunity by Merritt's failure to raise the argument.

The bar imposed by Rule 5A:18, while high, is not absolute. The rule contains an exception that allows us to reach issues on appeal that were not raised below "for good cause shown or to enable the Court of Appeals to attain the ends of justice." The "ends of justice exception," however, is a narrow one, which is to be used "sparingly when an error at trial is clear, substantial and material." Masika v. Commonwealth, 63 Va. App. 330, 333, 757 S.E.2d 571, 573 (2014) (internal quotation marks and citations omitted). As we have observed on

---

[5] In concluding that it was error to convict Merritt for failure to appear, we note that a trial court has other ways to address a willful failure to appear at a revocation hearing. Specifically, our conclusion that such a failure to appear does not violate Code § 19.2-128 does not limit a trial court's use of its contempt powers to address the situation.

multiple occasions, to bring an argument within the exception "a[n appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

To establish a miscarriage of justice for the purposes of Rule 5A:18,

> an appellant must demonstrate . . . more than that the Commonwealth *failed* to prove an element of the offense . . . , [she] must demonstrate that . . . she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 272-73.

Here, as noted above, Code § 19.2-128 does not apply to revocation proceedings, and therefore, the evidence conclusively established that Merritt's conduct did not constitute a violation of the statute. Because she "was improperly convicted of conduct not proscribed by the statute under which [s]he was charged[,]" the ends of justice exception of Rule 5A:18 applies. Masika, 63 Va. App. at 341, 757 S.E.2d at 576.

### III. Failure of Merritt to raise the ends of justice exception

At no point on appeal has Merritt asked us to apply the ends of justice exception or to conclude that Code § 19.2-128 does not apply to revocation proceedings. She did not do so in her petition for appeal, did not do so in her brief on the merits, and did not do so at oral argument. Thus, despite having concluded that Merritt did not violate Code § 19.2-128 and that the circumstances fall within the ends of justice exception, we must address whether the failure of Merritt to invoke the exception precludes us from utilizing it.

Ordinarily, Merritt's failure to invoke the exception would preclude us from addressing the issue. We repeatedly have held that we will not consider the ends of justice exception *sua sponte*. See, e.g., Banks v. Commonwealth, 67 Va. App. 273, 286, 795 S.E.2d 908, 914 (2017); Adjei v. Commonwealth, 63 Va. App. 727, 750, 763 S.E.2d 225, 236 (2014); Sutphin v.

- 7 -

Commonwealth, 61 Va. App. 315, 322-23, 734 S.E.2d 725, 729 (2012). However, this is not the ordinary case because *the Commonwealth* raised the ends of justice exception in both its brief and at oral argument. Thus, the question before us is whether the Commonwealth raising the exception is sufficient to allow us to utilize it.

We conclude that it is. Our refusal to invoke the exception *sua sponte* is born from our recognition of the limited nature of the judicial function. Appellate courts generally decide cases based on the arguments raised and the issues framed by the parties. To do otherwise would risk parties viewing the Court as something other than a neutral arbiter of a dispute, more an advocate than an umpire. Such a concern does not exist when a party, even when it is not the party that stands to benefit, raises the issue. Because the ends of justice exception was raised by a party, we conclude that we are free to utilize it in deciding this appeal.[6]

In reaching this conclusion, we emphasize that we are not bound by the Commonwealth's assertion that the ends of justice exception applies in this case. Whether a particular set of circumstances falls within the exception requires interpretation of Rule 5A:18, and thus, is a question of law. Minor, 66 Va. App. at 738, 791 S.E.2d at 762. As such, we are not bound by

---

[6] Although we commend the Commonwealth for raising the issue, we note that, in doing so, the Commonwealth simply was properly performing its function as prosecutor. As the United States Supreme Court has observed, a prosecutor

> is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and *whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done*. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer.

Berger v. United States, 295 U.S. 78, 88 (1935) (emphasis added); see also Rule 3.8 of the Virginia Rules of Professional Conduct (detailing additional ethical responsibilities of prosecutors). It would be an odd result indeed for the Commonwealth to be ethically required to raise the issue in the interests of justice and for us to be required to ignore the issue that the Commonwealth so raised.

the Commonwealth's concession, <u>Epps v. Commonwealth</u>, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), <u>aff'd on other grounds</u>, 273 Va. 410, 641 S.E.2d 77 (2007), and have the obligation to answer the question based on our independent analysis. For the reasons stated above, we conclude that the exception applies to these circumstances and that the trial court erred in convicting Merritt of a violation of Code § 19.2-128.

CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and enter final judgment for Merritt regarding her alleged failure to appear in violation of Code § 19.2-128.

<u>Reversed and final judgment.</u>