COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and AtLee
Argued at Richmond, Virginia


MARYAM MAHMOUDIEH

MEMORANDUM OPINION* BY
v.      Record No. 0032-18-2      JUDGE RICHARD Y. ATLEE, JR.
FEBRUARY 26, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Elliott M. Harding (Matthew J. Quatrara; Harding Counsel PLLC;
Stone, Dinkin & Amirhashi PLC; Lenhart Pettit PC, on briefs), for
appellant.

Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A jury convicted Maryam Mahmoudieh of petit larceny in violation of Code § 18.2-103.

On appeal, Mahmoudieh argues that the trial court erred by refusing to answer the jury's *sua

sponte* question about the impact a conviction would have on Mahmoudieh's immigration status.

Mahmoudieh did not properly preserve this argument; thus, we affirm her conviction.

I. BACKGROUND

Mahmoudieh is an Iranian national legally present in the United States on a green card.

She was charged with petit larceny after shoplifting a dress from a Kohl's store.

Prior to her trial, the Commonwealth filed a motion *in limine* asking the trial court to

preclude Mahmoudieh from arguing for jury nullification, *i.e.*, that the jury should acquit her

because of the potential collateral immigration consequences. The motion asked the trial court to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

exclude "[a]ny questioning, testimony, argument or jury instructions related to the defendant's immigration status, or potential collateral consequences to such status, as a result of the pending charges or conviction" during both *voir dire* and trial.

Mahmoudieh's counsel acknowledged that he was not "ethically allowed to make an explicit argument for nullification." He then argued that Mahmoudieh's immigration status, and her Iranian national origin, was important because Iran and illegal immigration are divisive issues, and he wanted to ensure that there was no one on the jury that would have "issues" with Mahmoudieh's national origin or immigration status.[1]

The trial court overruled the motion *in limine* and allowed Mahmoudieh's counsel to ask questions during *voir dire* about Mahmoudieh's immigration status. Although those issues had "nothing to do with the elements of the offense," the trial court decided to "permit those limited questions" during *voir dire* to ensure that there was no bias or prejudice towards Mahmoudieh because of her national origin or immigration status.

The trial proceeded, and the case was submitted to the jury. During deliberations in the guilt phase of the trial, the jury submitted the following questions to the trial court: "Will a conviction affect her green card status? Will a conviction lead to deportation or other sanctions?" Outside the presence of the jury, the trial court stated, and the Commonwealth agreed, that the proper answer was to instruct the jury to consider only the evidence before it. Mahmoudieh's counsel requested a different answer and specified that it would "like that answer as a yes." The trial court rejected that request. Mahmoudieh's counsel did not make additional arguments "given the [trial c]ourt's previous rulings," but, for purposes of the record, did want

---

[1] During the hearing, Mahmoudieh's only other argument was that her background, specifically how theft was treated by the police in Iran, may become relevant to her defense if the Commonwealth chose to argue that Mahmoudieh disposing of the dress when she learned the police were investigating was evidence of consciousness of guilt.

the trial court to give an affirmative answer to the question.  The trial court instructed the jury to consider only the evidence before it.

The jury convicted Mahmoudieh of petit larceny.  This appeal followed.

II.  ANALYSIS

Rule 5A:18 states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  The purpose behind this rule is to "require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary."  Perry v. Commonwealth, 58 Va. App. 655, 666 (2011) (quoting Brown v. Commonwealth, 8 Va. App. 126, 131 (1989)).  The objection "must be both *specific* and *timely*."  Dickerson v. Commonwealth, 58 Va. App. 351, 356 (2011) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 750, adopted upon reh'g en banc, 45 Va. App. 811 (2005)).  This rule applies equally to issues involving constitutional principles.  West v. Commonwealth, 43 Va. App. 327, 336 (2004).

The Commonwealth argues that Mahmoudieh's request for an affirmative answer and reference to the prior ruling of the trial court does not constitute an objection.  Assuming without deciding that it was a timely objection, it nevertheless fails to meet the specificity requirement of Rule 5A:18.

Mahmoudieh argues that the prior arguments at the motion *in limine* hearing "alerted the court that it objected on grounds of undue prejudice."  At the trial level, however, the undue prejudice related to the potential for a jury biased against immigrants.  On appeal, the alleged undue prejudice relates to the right to be sentenced by a fully-informed jury.  Specifically, Mahmoudieh now argues that a jury is only fully informed if it is aware of the consequences a

conviction would have on her immigration status. She argues in her brief to this Court that the failure to inform the jury during the guilt phase of her trial that a conviction would lead to her automatic deportation was a violation of her "right to a jury as guaranteed by the Sixth Amendment of the United States Constitution and Art. I, § 8 of the Virginia Constitution, as well as the right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and Art. I, § 11 of the Virginia Constitution." Because no argument based on these constitutional provisions was raised below, Mahmoudieh's argument on appeal is not preserved for us to consider as an appellate court.

Though these issues raised before the trial court and before this Court on appeal both relate to the right to a jury, they are not the same arguments.[2] "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*); see also Floyd v. Commonwealth, 219 Va. 575, 584 (1978) (holding that appellate courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue). The issue raised below and the one argued on appeal are sufficiently distinct that the trial court was not alerted to the possible error and did not have an opportunity to address it. See Perry, 58 Va. App. at 666. Thus, Mahmoudieh's argument was not preserved.[3]

---

[2] Mahmoudieh points out that the Commonwealth's motion *in limine* referenced jury instructions. Her arguments at the hearing, and the trial court's ruling, related only to the necessity of raising the issue of immigration status during *voir dire*.

[3] Rule 5A:18 has an exception to the preservation rule "for good cause shown or to enable the Court of Appeals to attain the ends of justice." The good cause exception is applied when the appellant does not have an opportunity to object below. Flanagan v. Commonwealth, 58 Va. App. 681, 694 (2011). Mahmoudieh does not argue she had no opportunity to object, nor does the record support such an argument. Neither does Mahmoudieh raise the ends of justice exception, and "we will not consider the ends of justice exception *sua sponte*." Merritt v. Commonwealth, 69 Va. App. 452, 461 (2018).

## III. Conclusion

Mahmoudieh having failed to preserve her arguments, we affirm her conviction.

Affirmed.