# COURT OF APPEALS OF VIRGINIA

## Record No. 2003-24-2

PATRICK BRIAN STAMBLER
v.
COMMONWEALTH OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and Athey

Argued at Richmond, Virginia

Opinion Issued June 23, 2026

### FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
J. Bruce Strickland, Judge[1]

James Joseph Ilijevich for appellant.

David A. Stock, Senior Assistant Attorney General (Jason S. Miyares,[2] Attorney General, on brief), for appellee.

### PUBLISHED OPINION BY
### CHIEF JUDGE MARLA GRAFF DECKER

Patrick Brian Stambler appeals his convictions for incest, rape, and aggravated sexual battery in violation of Code §§ 18.2-61(A), -67.3, and -366(B). Stambler argues that the trial court erred by allowing the Commonwealth to introduce evidence of prior bad acts, granting the Commonwealth's proposed jury instruction on the clandestine nature of the offenses, holding that the evidence was sufficient to support the convictions, and imposing a sentence above the range recommended by the sentencing guidelines. For the following reasons, we affirm the convictions.

---

[1] Judge Herbert M. Hewitt presided at the trial, and Judge Strickland presided at the sentencing.

[2] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND[3]

The instant convictions arise from Stambler's sexual abuse of his daughter. One October evening, when J.S. was fourteen or fifteen years old,[4] she fell asleep in a recliner in the living room. Several people were at the house at various points in the evening. J.S. awoke to find Stambler pushing her onto the floor and "forcing himself on" her. Stambler took off J.S.'s pants and put his penis into her vagina. J.S. tried to push him off her, but Stambler tightened his grip on her shoulder.

At the time, Stambler and J.S.'s mother did not live together. Before Stambler took J.S. back to her mother's house, he threatened to kill her if she "said anything." J.S. took the threat seriously because she had witnessed Stambler act violently towards an ex-girlfriend and because he had hit J.S. in the past. Despite the assault, J.S. continued to visit Stambler on the weekends to keep up appearances and because she was free to "use[] drugs and alcohol" when she visited him. Eventually, the victim's mother ended visitations with Stambler because of behavioral concerns. J.S. disclosed the sexual assault to her mother when she was fifteen years old and a patient at a mental health facility.

A grand jury indicted Stambler on charges of incest, rape, and aggravated sexual battery. Before trial, the Commonwealth moved to admit evidence that Stambler introduced J.S. to marijuana and alcohol at age eleven and allowed her to use both during her weekend visits with

---

[3] We "recite the facts in the light most favorable to the Commonwealth." *Williams v. Commonwealth*, 85 Va. App. 718, 726 (2025) (evaluating the admission of evidence and whether the Commonwealth proved its case); *see Khine v. Commonwealth*, 82 Va. App. 530, 535-36 (2024) (reviewing a sentencing decision); *Nottingham v. Commonwealth*, 73 Va. App. 221, 228 (2021) (affirming the use of the challenged jury instruction). "Doing so requires that we 'discard'" any evidence that "conflicts with the Commonwealth's evidence" and "'regard as true all the credible evidence favorable to the Commonwealth'" and all inferences that can be fairly drawn from that evidence. *Williams*, 85 Va. App. at 726 (quoting *Camann v. Commonwealth*, 79 Va. App. 427, 431 (2024) (en banc)).

[4] We refer to the child victim using her initials to protect her privacy.

him.  The Commonwealth argued that this evidence was indicative of "grooming."  It further argued that Stambler's cultivation of J.S.'s drug and alcohol addiction and practice of allowing her to do whatever she wanted during her weekends with Stambler explained why she continued to visit him after the sexual assault.  The Commonwealth additionally sought to introduce evidence of Stambler's prior physical abuse toward his ex-girlfriend and toward J.S.  The Commonwealth argued that this evidence was relevant to show why J.S. took Stambler's threat seriously.

Stambler contended that the probative value of the Commonwealth's proffered evidence did not outweigh its prejudicial effect.  He suggested that evidence that he gave J.S. marijuana and alcohol was not directly relevant to the facts alleged because he was not present when she used marijuana and alcohol on the night of the offenses.  Further, Stambler argued that evidence of his abuse against his ex-girlfriend, who was not involved in the case, would only have a prejudicial effect.  The trial court determined that the Commonwealth's evidence satisfied the requirements of Virginia Rule of Evidence 2:404(b), relating to evidence of other crimes or bad acts, and granted the motion to admit the evidence.  The Commonwealth ultimately presented this challenged evidence to the jury.

After the close of the evidence, the parties discussed jury instructions.  The Commonwealth proposed an instruction that stated, "Because sexual offenses are typically clandestine in nature, seldom involving witnesses to the alleged act, a conviction for aggravated sexual battery, rape or incest can be supported solely upon the testimony of the victim without further corroboration being required."  Stambler's attorney objected to the instruction, arguing that the phrase "typically clandestine in nature" was "exceptionally leading and prejudicial."  She alternatively requested that the word "typically" be removed from the instruction.  The trial court granted the instruction as proposed, commenting that it fit the facts of the case.

The jury found Stambler guilty of all the charges. In imposing Stambler's sentence, the court deviated upward from the sentencing guidelines and sentenced him to ninety years of incarceration, with fifty years suspended.

ANALYSIS

I. Admissibility of Prior Bad Acts

Stambler argues that the evidence of prior bad acts was not relevant to whether he committed the offenses and was "clearly prejudicial and not legitimately probative to any issue related to the offense[s]." He also contends that the referenced conduct did not fall under the "exceptions" provided in Rule 2:404(b).

The appellate court "will not disturb a trial court's decision to admit or exclude evidence unless the trial court abused its discretion." *Williams v. Commonwealth*, 85 Va. App. 718, 733 (2025). "This bell-shaped curve of reasonability" underpinning appellate review for an abuse of discretion "rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Commonwealth v. Barney*, 302 Va. 84, 94 (2023) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "In this context, 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Bista v. Commonwealth*, 303 Va. 354, 370 (2024) (quoting *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)). Based on these principles, this Court reviews the evidentiary ruling.

"[E]vidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity []with [that trait]." Va. R. Evid. 2:404(b). But "if the legitimate probative value of such proof outweighs its incidental prejudice," evidence of other crimes or bad acts "is admissible if it tends to prove any

- 4 -

relevant fact pertaining to the offense charged, such as where it is relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or if they are part of a common scheme or plan."[5]  *Id.*

This "list of acceptable uses found in Rule of Evidence 2:404(b)," however, "is not exclusive." *Lambert v. Commonwealth*, 70 Va. App. 740, 750 (2019).  "Virginia law 'follows an "inclusionary approach" to the uncharged misconduct doctrine by admitting such evidence "if relevant, for any purpose other than to show a mere propensity or disposition on the part of the defendant to commit the crime."'"  *Id.* (quoting *Castillo v. Commonwealth*, 70 Va. App. 394, 415-16 (2019)).  Relevant here, evidence of other crimes or bad acts may be admitted to show the relationship between the accused and the victim, even though that purpose is not specifically included in the rule's non-exclusive list of acceptable uses for such evidence. *See Brown v. Commonwealth*, 37 Va. App. 507, 516 (2002).

This was a case of delayed disclosure by a child regarding sexual crimes her father committed against her.  The evidence that Stambler gave J.S. marijuana and alcohol when she was eleven years old tended to demonstrate the nature of the relationship between them and was evidence of Stambler's "grooming" behavior.  *See generally Doe v. N.C. State Univ.*, 125 F.4th 498, 506 (4th Cir. 2025) ("Under any definition, the term 'sexual grooming' connotes a pattern of wrongful and sexually motivated conduct.").  The Commonwealth offered it to explain why J.S. continued to visit Stambler after he sexually assaulted her.  Regarding the evidence of Stambler's prior acts of violence, that evidence was relevant to explain why J.S. took Stambler's

---

[5] In contrast, under "the general standard governing the admissibility of relevant evidence," evidence is not admissible if "'the probative value of the evidence is *substantially outweighed* by (i) the danger of unfair prejudice, or (ii) its likelihood of confusing or misleading the trier of fact.'" *Williams*, 85 Va. App. at 733 (quoting Va. R. Evid. 2:403(a) (emphasis added)).

threat of harm seriously and waited to disclose the sexual assault. *See Jordan v. Commonwealth*, 84 Va. App. 446, 470 (2025).

Our conclusion that the challenged evidence was relevant for a permissible purpose does not end the inquiry. Next we examine whether the "legitimate probative value" of the evidence "outweighs its incidental prejudice." *See* Va. R. Evid. 2:404(b). As a threshold matter, again, "[t]he responsibility for balancing the probative value versus the prejudicial effect rests in the sound discretion of the trial court." *Kenner*, 299 Va. at 424. Here, the trial court determined that the probative value of the evidence of Stambler's prior acts outweighed any incidental prejudice. And the court instructed the jury on the limited use of the evidence of other crimes. *See Williams*, 85 Va. App. at 739 (recognizing that the risk of unfair prejudice can be reduced by an appropriate jury instruction). It directed the jury to consider the acts "only" as evidence of Stambler's intent, scheme or plan, knowledge, relationship with J.S., or "opportunity in connection with the crime," and "for no other purpose." *See Lambert*, 70 Va. App. at 752 (recognizing that in the absence of evidence to the contrary, a reviewing court "presume[s]" the jury followed the trial court's instructions).

Accordingly, the record supports the trial court's determination that the evidence was admissible and the legitimate probative value of the evidence here outweighed its incidental prejudice. As a result, we hold that the trial court did not abuse its discretion in admitting the evidence of Stambler's prior bad acts at trial.

## II. Jury Instruction

Stambler challenges the use of one of the jury instructions the trial court gave about sexual offenses. The instruction provided, "Because sexual offenses are typically clandestine in nature, seldom involving witnesses to the alleged act, a conviction for aggravated sexual battery, rape or incest can be supported solely upon the testimony of the victim without further

corroboration being required." Stambler suggests that the instruction was an unclear statement of law, inappropriately "minimiz[ed] the Commonwealth's burden of proof by . . . giving the alleged fact pattern of the instant offense the force of law," and improperly "emphasized . . . the testimony of the complaining witness." Specifically, Stambler argues that the use of the word "typically" in the instruction effectively stated that a victim's complaint, standing alone, "equals 'guilty.'"

In determining whether a particular requested jury instruction was appropriate, the appellate court reviews the trial court's decision under an abuse of discretion standard. *Commonwealth v. Kartozia*, 304 Va. 321, 331 (2025). This Court's "responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues [that] the evidence fairly raises.'" *Conley v. Commonwealth*, 74 Va. App. 658, 674-75 (2022) (quoting *Fahringer v. Commonwealth*, 70 Va. App. 208, 211 (2019)); *accord Barnes v. Commonwealth*, 81 Va. App. 737, 746 (2024). "[W]hether a jury instruction accurately states the relevant law is a question . . . that [the appellate court] review[s] de novo." *Watson v. Commonwealth*, 298 Va. 197, 207 (2019) (quoting *Payne v. Commonwealth*, 292 Va. 855, 869 (2016)).

"The purpose of any jury instruction is to inform the jury of the law guiding the[] deliberations and verdict." *Holloman v. Commonwealth*, 65 Va. App. 147, 174 (2015) (quoting *Morgan v. Commonwealth*, 50 Va. App. 120, 132 (2007)). To this end, "[n]o instruction should be given that '. . . would be confusing or misleading to the jury.'" *Bryant v. Commonwealth*, 67 Va. App. 569, 582 (2017) (first alteration in original) (quoting *Mouberry v. Commonwealth*, 39 Va. App. 576, 582 (2003)), *aff'd*, 295 Va. 302 (2018). But appellate review "rel[ies] heavily on the instincts of trial judges on where to draw th[e] line" to strike a balance between instructions that are confusing and "verbos[e]" and those that may be incomplete. *See Kennemore v.*

*Commonwealth*, 50 Va. App. 703, 712 (2007). And the "trial court has the discretion to give tailored instructions to focus a jury on specific contested issues." *Barney*, 302 Va. at 93.

Here, in addition to the contested instruction, the trial court instructed the jury on the burden of proof, the elements of the offenses, and the jury's role in weighing the evidence and assessing witness credibility.

Contrary to Stambler's suggestion, the challenged instruction simply provided an accurate statement of the applicable law. *See, e.g.*, *Cardenas Flores v. Commonwealth*, 84 Va. App. 495, 517 (2025); *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005); *Garland v. Commonwealth*, 8 Va. App. 189, 191 (1989). We recognize that language used in an appellate opinion may not be appropriate for use as a jury instruction in a particular case. *See, e.g.*, *Drexel v. Commonwealth*, 80 Va. App. 720, 743 (2024). Even so, here, the challenged instruction "did not comment upon specific facts proven in the case," "suggest that specific evidence impelled any particular finding," or suggest the weight that should be given to any specific evidence adduced at trial. *See Terry v. Commonwealth*, 5 Va. App. 167, 171 (1987). Instead, it merely stated a principle of law applicable to the charged crimes and facts before the jury, supplementing the standard jury instructions that set out the legal parameters. "The jury was free to draw all reasonable and permissible inferences from the evidence without any suggestion in the jury instructions as to the conclusion." *Id.* And the challenged instruction did not diminish the Commonwealth's burden to prove each element of the offenses beyond a reasonable doubt. Instead, it simply aided the jury in understanding the legal context in which it could view the victim's testimony, which was critical to the case.

Consequently, the trial court did not abuse its discretion by granting the challenged jury instruction.

## III. Sufficiency of the Evidence

Stambler argues that the evidence did not support his convictions. He suggests that the Commonwealth failed to prove that he was the victim's father and that she was a minor within the statutory age range at the time of the offenses. He also contends that J.S. was an inherently incredible witness. We consider each argument in turn, guided by the applicable law.

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "[T]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *Sample v. Commonwealth*, 303 Va. 2, 16 (2024) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). In such cases, the "appellate court does not 'ask . . . whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Cappe v. Commonwealth*, 304 Va. 86, 87 (2025) (per curiam) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, the "limited task" for this Court on appeal is "determining 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Cuffee v. Commonwealth*, ___ Va. ___, ___ (Apr. 16, 2026) (quoting *Garrick*, 303 Va. at 182). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact,'" in this case, the jury. *Bennett v. Commonwealth*, 84 Va. App. 607, 619 (2025) (quoting *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020)); *accord Commonwealth v. Richerson*, ___ Va. ___, ___ (Apr. 23, 2026).

### A. Proof of Parentage

Under Code § 18.2-366(B), felony incest occurs when an individual has sexual intercourse with that person's child, grandchild, or parent.

J.S. testified that her *father* sexually assaulted her during her visit with him. J.S. and her mother unequivocally identified Stambler as J.S.'s father. J.S.'s mother testified that she listed Stambler on the birth certificate paperwork at the hospital when J.S. was born and that she was not having sex with any other person when she became pregnant with J.S. Stambler identified J.S. as his daughter during his interview with police. And Stambler and J.S. share a common surname. Viewed in the light most favorable to the Commonwealth, the evidence was sufficient for a rational factfinder to conclude that Stambler was J.S.'s father. *See Richerson*, ___ Va. at ___; *Cuffee*, ___ Va. at ___; *see also Smith v. Commonwealth*, 85 Va. App. 435, 458 (2025) (explaining that if a witness testifies to facts that support the verdict, "there can be no relief in the appellate court" unless that testimony is inherently incredible (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989))).

### B. Evidence of J.S.'s Age

The Commonwealth was required to prove that the victim was at least thirteen but less than eighteen years of age when the incest and sexual battery were committed. *See* Code §§ 18.2-67.3(A)(3), -366(B).

The record supports the jury's conclusion that the burden was met. J.S. testified that she was fourteen or fifteen years old when the offenses occurred and recalled that she was fifteen when she disclosed the sexual assault to her mother. This testimony was sufficient to prove that J.S. was at least thirteen years old but less than eighteen when Stambler committed incest and sexual battery.

In denying the motion to strike the verdicts, the trial court accepted that J.S.'s testimony about her age at the time of the offenses was a reasonable recollection. In any event, the jury heard all the evidence and was free to accept or reject the testimony regarding when the offenses

occurred and how old the victim was at the time. *See Rams v. Commonwealth*, 70 Va. App. 12, 38 (2019). We do not substitute our judgment for the trier of fact. *See Bista*, 303 Va. at 370.

## C. Challenge to the Victim's Credibility

Finally, Stambler challenges J.S.'s credibility. He concedes that he did not preserve this argument for appeal and asks this Court to consider it under the ends-of-justice exception to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015); *see Bethea v. Commonwealth*, 297 Va. 730, 743-44 (2019).

Rule 5A:18 does "contain[] an exception that allows us to reach issues on appeal that were not raised below 'for good cause shown or to enable [us] to attain the ends of justice.'" *Merritt v. Commonwealth*, 69 Va. App. 452, 459-60 (2018). "The ends of justice exception," the one raised by Stambler, "'is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Cornell v. Commonwealth*, 76 Va. App. 17, 31 (2022) (quoting *Conley*, 74 Va. App. at 682). In deciding whether the exception applies, there are "two questions" to consider: "'(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). To invoke the exception, the "appellant 'must show that either the conduct for which he was convicted is not a criminal offense or that the record affirmatively establishes that an element of the offense did not occur.'" *Jiddou v.*

- 11 -

*Commonwealth*, 71 Va. App. 353, 374 (2019) (quoting *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant," in this case, Stambler. *Cornell*, 76 Va. App. at 31 (quoting *Conley*, 74 Va. App. at 683). We hold that Stambler has failed to meet this burden.

As is the case here, "when an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient." *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009). "It is never enough" for an appellant "to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)). He "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage of justice *might* have occurred." *Cisneros v. Commonwealth*, 82 Va. App. 147, 171 (2024) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc)). "Where the record does not affirmatively establish [such] error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012).

The crux of Stambler's argument is that J.S.'s testimony was inherently incredible. "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or . . . shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert*, 70 Va. App. at 759 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness'[s] testimony or statements. Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019).

As the fact finder in this case, the jury was responsible for "resolv[ing] conflicts in the testimony," "weigh[ing] the evidence," and "draw[ing] reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are [also] matters left to the trier of fact, who has the ability to hear and see them as they testify." *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). And the finder of fact "is free to believe or disbelieve, in whole or in part, the testimony of any witness." *Rams*, 70 Va. App. at 38. Its conclusions regarding witness credibility "will not be disturbed on appeal unless plainly wrong." *Bennett*, 84 Va. App. at 620 (quoting *Maust v. Commonwealth*, 77 Va. App. 687, 703 (2023) (en banc)).

Based on the guilty verdicts, the jury necessarily rejected Stambler's closing argument that J.S.'s testimony was incredible and instead accepted it. We will not disturb the jury's conclusion because J.S.'s testimony was not, as a matter of law, "*inherently* incredible," or "so contrary to the human experience as to render it unworthy of belief." *Smith*, 85 Va. App. at 458 (quoting *Grimaldo v. Commonwealth*, 82 Va. App. 304, 321 (2024)). Nor was her testimony proven false by other evidence presented at trial. *See Juniper*, 271 Va. at 415.

Stambler has failed to demonstrate that this is one of those rare instances in which this Court should invoke the ends-of-justice exception under Rule 5A:18 to consider an otherwise-defaulted claim. Nothing in the record affirmatively shows that any element of the offenses did not occur or that Stambler was convicted of conduct that was not a criminal offense. As a result, this sufficiency challenge is barred by Rule 5A:18. *See Salahuddin v. Commonwealth*, 67 Va. App. 190, 210-11 (2017).

IV. Sentencing

Stambler contends that the trial court abused its discretion in rendering its sentencing decision.

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* As such, imposing a sentence on a defendant is a matter of discretion on the part of the trial court. *See Khine v. Commonwealth*, 82 Va. App. 530, 558 (2024). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Cellucci v. Commonwealth*, 77 Va. App. 36, 46 (2023) (en banc) (quoting *Swann*, 290 Va. at 197). The law clearly provides the limits on this standard. "A trial court abuses its discretion by failing to consider a significant relevant factor, giving significant weight to an irrelevant or improper factor, committing a clear error of judgment, or making a mistake of law." *Id.*; *see Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013).

"Within the sentencing ranges established by the General Assembly, Virginia courts have wide discretion to determine the duration and conditions of a criminal sentence." *Commonwealth v. Jackson*, 304 Va. 515, 530 (2025); *see also Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (explaining that, generally, "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end" (quoting *Minh Duy Du*, 292 Va. at 565)). Here, the trial court sentenced Stambler within the range set by the legislature but above the range recommended by the guidelines. *See* Code §§ 18.2-10, -61(B), -67.3(B), -366(B). But the fact that the court did not follow the sentencing guidelines does not mean that it abused its discretion. The guidelines are merely advisory and "do

- 14 -

not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999); *see* Code § 19.2-298.01(A). A trial court's decision not to follow the guidelines is expressly "not . . . reviewable on appeal." Code § 19.2-298.01(F); *see Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019).

Stambler argues that the trial court did not properly consider mitigating factors. The weight to give mitigating evidence, however, like other sentencing matters, falls within the trial court's discretion. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). If a trial court does not find mitigation evidence compelling when weighed against other evidence in the case, it is "not required to give controlling effect to" that evidence. *Sheets v. Commonwealth*, 80 Va. App. 706, 718 (2024) (quoting *Reid v. Commonwealth*, 256 Va. 561, 569 (1998)). And "[b]arring clear evidence to the contrary, [an appellate court] will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Id.* at 718-19 (second alteration in original) (quoting *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992)); *see Cellucci*, 77 Va. App. at 49 (holding that the record did not show "that the trial court failed to consider the evidence of mitigating circumstances").

The sentencing guidelines recommended a sentence from fourteen years and three months to sixty-one years and two months. Highlighting Stambler's criminal history, which included two unrelated sexual assault convictions, the prosecutor asked the trial court to sentence him to life in prison. He also emphasized the negative impact the offenses had on J.S., the young victim.

As evidence in mitigation, Stambler presented certificates of completion for several classes and studies. Discussing the steps Stambler had taken to address his substance abuse, defense counsel asked the trial court to sentence him within the range recommended by the guidelines.

In imposing the forty-year active sentence, the court observed that Stambler committed "an egregious act . . . on an innocent child." After weighing all the evidence, the court imposed the sentence it deemed appropriate, which was within the range of punishment authorized by the legislature. On this record, the trial court did not abuse its discretion when it imposed Stambler's sentence. *See Minh Duy Du*, 292 Va. at 564; *Sheets*, 80 Va. App. at 719.

CONCLUSION

The trial court acted within its discretion by admitting the challenged other bad acts evidence and instructing the jury on the clandestine nature of the crime. Further, the evidence was sufficient to prove Stambler's status as the father of J.S. and her age at the time of the offenses. His argument that her testimony was inherently incredible is barred by Rule 5A:18. And the trial court did not abuse its discretion when it sentenced Stambler within the statutory range. For these reasons, we affirm the trial court's judgment.

*Affirmed.*